UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ALEXA MAESTRANZI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| MERCK & CO., INC., | ) JURY TRIAL DEMANDED |
| | ) ON ALL COUNTS |
| Defendant. | ) |

FILED
MARCH 31, 2008    YM
08CV1833
JUDGE DARRAH
MAGISTRATE JUDGE DENLOW

## DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446 Defendant Merck & Co., Inc. ("Merck") hereby gives notice that the above-captioned action, Civil Action 2008 L 3150, pending in the Circuit Court of Cook County, Illinois, is hereby removed to the United States District Court for the Northern District of Illinois, Eastern Division.  In support of removal, Merck respectfully states to the Court the following:

## THE FOSAMAX® MULTIDISTRICT LITIGATION

1.      This action involves allegations regarding the prescription medication FOSAMAX®.  On August 16, 2006, the Judicial Panel on Multidistrict Litigation ("MDL Panel") issued an order transferring 18 FOSAMAX® products liability cases to the United States District Court for the Southern District of New York (Keenan, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407.  *In re Fosamax Products Liability Litigation,* MDL No. 1789.  Processes for quickly sending additional related cases to Judge Keenan have been set in place.  As of this date, the MDL Panel has issued 48 Conditional Transfer Orders requiring the transfer of an additional 127 actions to MDL 1789, where a total of 389 cases are now pending, including both the transferred cases and cases filed directly in the transferee court.  Merck will

seek the transfer of this action to MDL-1789, and will in the next week provide the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

## GROUNDS FOR REMOVAL

2. On or about March 20, 2008, Plaintiff commenced this action entitled *Maestrainzi v. Merck & Co., Inc.,* Civil Action No. 2008 L 3150 in the Circuit Court for Cook County, Illinois. Merck has not yet been served with the Complaint.

3. For the reasons set forth in more detail below, this Court should assume jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this matter is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

4. There is complete diversity of citizenship between the parties and no defendant is a citizen of Illinois.

## I.  MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5. Merck has not yet been served with the Complaint. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within 30 days of the filing of this action and before service of the Complaint upon Merck.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Merck, which include the Complaint, are attached hereto at Exhibit A.

7. Venue is proper in this Court because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Therefore, this action is properly removed to the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 83(a).

8. Merck is the only defendant named in this action, and hence all defendants join in this removal.

9. No previous application has been made for the relief requested herein.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court for Cook County, Illinois.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. The amount in controversy requirement is satisfied.

12. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest.

13. Plaintiff alleges that, after she took Fosamax, she began "to experience problems with her teeth, including but not limited to pain and her teeth becoming loose." (Complaint, Count I ¶ 5). Plaintiff then allegedly learned that Fosamax was the cause of "osetonecrosis of the jaw resulting in loose teeth and bone death." *Id.* ¶ 6. Her injuries were allegedly so severe as to require hospitalization. *Id.* ¶ 9.

14. As a result of her ingestion of Fosamax, Plaintiff claims, among other things, to have suffered "severe and permanent injuries to her body," that she became "sick and disabled," that she "will in the future suffer great pain and discomfort and physical impairments," and that she "has become liable for large sums of money for medical and hospital care and treatment." (Complaint, Count I ¶ 9.) Plaintiff seeks compensatory damages from Merck "in an amount in excess of $50,000." (Complaint, Counts I and II.)

15. While there is not a record of prior cases that specifically involve osteonecrosis of the jaw – a fact which may be attributable to the fact that osteonecrosis of the jaw is a rare disorder and cases alleging liability against pharmaceutical manufacturers for allegedly causing the same had, prior to very recently, been non-existent – there are:

- numerous reported cases in which jaw or similar facial injury led to jury or court awards far in excess of $75,000. *See, e.g., Howie v. Walsh*, 609 S.E.2d 249 (N.C. App. 2005) (addressing jury award of $300,000 against dentist who fractured patient's jaw during procedure); *Becker v. Woods*, 806 N.Y.S.2d 704 (N.Y. App. Div. 2005) (affirming jury award of $840,000 in damages where dental patient suffered from permanent paresthesia); *Preston v. Dupont*, 35 P.3d 433 (Colo. 2001) (addressing jury award of more than $250,000 for damage to alveolar nerve in jaw); *Bowers v. Liuzza*, 769 So.2d 88 (La. App.), *writ. denied*, 776 So.2d 468 (La. 2000) (finding that minimum adequate damage award for nerve damage in jaw was an amount that exceeded $175,000); *Becker v. Halliday*, 554 N.W. 2d 67 (Mich. App. 1996) (jury award of $200,000 in damages, where syringe lodged in upper jaw); *Herpin v. Witherspoon*, 664 So.2d 515 (La. App. 1995) (plaintiff entitled to receive more than $75,000 as a result of temporomandibular joint (TMJ) dysfunction); *Washburn v. Holbrook*, 806 P.2d 702 (Or. App. 1991) (affirming jury finding of $400,000 in damages as a result of damage to jaw during root canal); and

- numerous prior cases that reveal that potential awards based on osteonecrosis or avascular necrosis of the hip, knee, or other joint, exceed the $75,000 jurisdictional amount. *See, e.g., Barbee v. United States*, 2005 W.L. 3336504, at *1-2 (W.D. Wis. 2006) (finding that plaintiff suffered nearly $700,000 in damages for hip injuries that

4

included avascular necrosis); *Shaver v. United States*, 319 F.Supp. 2d 649 (M.D.N.C. 2004) (awarding more than $75,000 in damages for osteonecrosis in knee caused by automobile accident); *Piselli v. 75th Street Medical*, 808 A.2d 508 (Md. 2002) (addressing jury award of $410,000 for medical malpractice that led to avascular necrosis of the hip); *Collier v. Cawthon*, 570 S.E.2d 53 (Ga. App. 2002) (affirming jury award of $170,000 for avascular necrosis of the hip).

16. The Plaintiff's claims of "severe and permanent injuries," and the compensatory damages that she seeks, thus far exceed this Court's minimum $75,000 jurisdictional limit.

  **B.** **There is complete diversity between the parties.**

17. There is complete diversity between the Plaintiff and Merck, the only properly joined Defendant.

18. Plaintiff was at the time of the filing of the Complaint and is now a citizen of Illinois. (See Complaint, Count I ¶¶ 1-3.)

19. Merck is now, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

20. Hence, there is complete diversity between the plaintiffs and defendants, and this court has subject matter jurisdiction under 28 U.S.C. § 1332.

21. In addition, no defendant is a citizen of the state in which this action was brought. Under the clear language of 28 U.S.C. § 1441(b), this action is properly removed to this Court by Merck.

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court for Cook County, Illinois to this Court pursuant to 28 U.S.C. § 1441.

Dated: March 31, 2008                                  Respectfully submitted,

                                                             BRYAN CAVE LLP

By: _____s/ Dmitry Shifrin_____
       Dmitry Shifrin, #6279415
       161 North Clark Street, Suite 4300
       Chicago, IL  60601-3315
       Telephone:  (312) 602-5000
       Facsimile:  (312) 602-5050

       and

       Stephen G. Strauss, #6278807
       Bryan Cave LLP
       211 North Broadway, Suite 3600
       St. Louis, MO  63102-2750
       Telephone:  (314) 259-2000
       Facsimile:   (314) 259-2020

*Attorneys for Merck & Co., Inc.*

## **CERTIFICATE**

I hereby certify that on this 31st day of March, 2008, a copy of the foregoing was served by first class mail, postage prepaid, on:

Kevin J. O'Shea
Vincent Petrosino
Serpico, Novelle & Petrosino, Ltd.
61 W. Superior Street
Chicago, IL 60610


                                                            s/ Dmitry Shifrin

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ALEXA MAESTRANZI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: |
| | ) |
| MERCK & CO., INC., a foreign | ) |
| Corporation, | ) |
| | ) |
| Defendant. | ) |

FILED-A
08 MAR 20 PM 3:13

2008L003150
CALENDAR/ROOM X
TIME 00:00
Product Liability

## COMPLAINT AT LAW

NOW COME the Plaintiff, ALEXA MAESTRANZI, by and through her attorneys, SERPICO, PETROSINO & DI PIERO, LTD., and complaining of the Defendant, MERCK & CO., INC., a foreign corporation, alleges and says:

1. That on and prior to April 3, 2006, the Defendant, MERCK & CO., INC., was a foreign corporation and was present and at all times hereto transacting business in the State of Illinois.

2. That on and prior to April 3, 2006, the Defendant, MERCK & CO., INC., designed, manufactured and distributed a certain medication commonly known as Fosamax, 70mg Alendronate Sodium Tablets for the treatment of osteporosis.

3. That in or about 1998, the Plaintiff, ALEXA MAESTRANZI, was prescribed the aforesaid Fosamax medication by her family physician, Dr. Mary Lalor. Dr. Lalor prescribed this medication be taken on a weekly basis.

4. That the Plaintiff took this medication on a regular and continual basis through April of 2006, having last filled this prescription on April 3, 2006.

COOK COUNTY
ATTY. NO.
80746

SERPICO, NOVELLE &
PETROSINO, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

5. That at some point in or about April of 2006, the Plaintiff began to experience problems with her teeth, including but not limited to pain and her teeth becoming loose. She thereafter sought treatment for the aforesaid dental condition.

6. That after last refilling her prescription for Fosamax on or about April 3, 2006, the Plaintiff was advised and informed for the first time that Fosamax could cause osteonecrosis of the jaw resulting in loose teeth and bone death.

7. That on or prior to April 3, 2006, and at all relevant times and at the time it left the control of the Defendant, said Fosamax was unsafe and unreasonably dangerous in one or more of the following manner:

   a. The Fosamax prescription was improperly designed, manufactured, and distributed, so as to make it unfit and unsafe for ordinary use;

   b. The Fosamax prescription contained no or inadequate warnings and/or instructions so as to ensure its safe and proper use;

   c. The Fosamax prescription was not equipped with the necessary safety protections to ensure its safe and proper use;

   d. The Defendants failed to ensure that persons prescribing said medication were adequately and properly warned and advised about the possible side effects of using Fosamax for extended periods and its effect on patients' jaws and teeth;

   e. The Fosamax prescription was improperly designed, manufactured and distributed Fosamax which caused osteonecrosis of the jaw and infection and delayed healing in patients who underwent dental procedures following ingestion of the medication;

   f. The Fosamax medication was manufactured, designed and distributed without adequate research into the dangers of long term ingestion and its effect on patients, particularly relating to osteonecrosis of the jaw and infection in patients undergoing dental procedures; and

   g. The Fosamax medication was manufactured, designed and distributed without adequate warnings that long term ingestion of the medication could cause osteonecrosis of the jaw and infections in patients undergoing dental procedures.

COOK COUNTY
ATTY. NO.
80746

SERPICO, NOVELLE &
PETROSINO, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

2

8. That defects existed form the time medication left the control of the Defendant and was placed in the stream of commerce until the time the Plaintiff last filled her prescription in April of 2006.

9. That, as a result of one or more of the aforementioned defects in the aforesaid Fosamax medication, the Plaintiff sustained severe and permanent injuries to her body, and because and was sick and disabled and will in the future suffer great pain and discomfort and physical impairments, all of which injuries are permanent and she has been and will be kept from attending to her ordinary affairs and duties, and she has lost and will in the future lose great gains which she otherwise would have made and acquired, and has become liable for large sums of money for medical and hospital care and treatment, and has suffered great loss to her personal property and possessions.

WHEREFORE, the Plaintiff, ALEXA MAESTRANZI, asks for judgment against the Defendant, MERCK & CO., INC., a foreign corporation, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II

NOW COME the Plaintiff, ALEXA MAESTRANZI, by and through her attorneys, SERPICO, PETROSINO & DI PIERO, LTD., and complaining of the Defendant, MERCK & CO., INC., a foreign corporation, alleges and says:

1. That on and prior to April 3, 2006, the Defendant, MERCK & CO., INC., was a foreign corporation and was present and at all times hereto transacting business in the State of Illinois.

COOK COUNTY
ATTY. NO.
80746

SERPICO, NOVELLE &
PETROSINO, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

3

2. That on and prior to April 3, 2006, the Defendant, MERCK & CO., INC., designed, manufactured and distributed a certain medication commonly known as Fosamax, 70mg Alendronate Sodium Tablets for the treatment of osteporosis.

3. That in or about 1998, the Plaintiff, ALEXA MAESTRANZI, was prescribed the aforesaid Fosamax medication by her family physician, Dr. Mary Lalor. Dr. Lalor prescribed this medication be taken on a weekly basis.

4. That the Plaintiff took this medication on a regular and continual basis through April of 2006, having last filled this prescription on April 3, 2006.

5. That at some point in or about April of 2006, the Plaintiff began to experience problems with her teeth including but not limited to pain and her teeth becoming loose. She thereafter sought treatment for the aforesaid dental condition.

6. That after last refilling her prescription for Fosamax on or about April 3, 2006, the Plaintiff was advised and informed for the first time that Fosamax could cause osteonecrosis of the jaw resulting in loose teeth and bone death.

7. That the Defendant had a duty to design, manufacture, sell and distribute its Fosamax medication in a reasonably safe condition and in a condition that was not unreasonably dangerous for its intended use.

8. That notwithstanding its aforesaid duties, the Defendant was then and there guilty of one or more of the following wrongful acts and/or omissions;

    a. The Defendant carelessly and negligently improperly designed, manufactured, and distributed, so as to make it unfit and unsafe for ordinary use;

    b. The Defendant carelessly and negligently failed to put adequate warnings and/or instructions so as to ensure its safe and proper use;

    c. The Defendant carelessly and negligently did not equip the Fosamax medication with the necessary safety protections to ensure its safe and proper use;

COOK COUNTY
ATTY. NO.
80746

SERPICO, NOVELLE &
PETROSINO, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

    d.    The Defendants carelessly and negligently failed to ensure that persons prescribing said medication were adequately and properly warned and advised about the possible side effects of using Fosamax for extended periods and its effect on patients' jaws and teeth;

    e.    The Defendants carelessly and negligently improperly designed, manufactured and distributed Fosamax which caused osteonecrosis of the jaw and infection and delayed healing in patients who underwent dental procedures following ingestion of the medication;

    f.    The Defendants carelessly and negligently manufactured, designed and distributed Fosamax without adequate research into the dangers of long term ingestion and its effect on patients, particularly relating to osteonecrosis of the jaw and infection in patients undergoing dental procedures; and

    g.    The Defendants carelessly and negligently manufactured, designed and distributed Fosamax without adequate warnings that long term ingestion of the medication could cause osteonecrosis of the jaw and infections in patients undergoing dental procedures.

9. That the defects existed from the time said Fosamax medication left control of the Defendants and was placed in the stream of commerce until the Plaintiff last filled her prescription in April of 2006.

10. That, as a result of one or more of the aforementioned defects in the aforesaid Fosamax medication, the Plaintiff sustained severe and permanent injuries to her body, and because and was sick and disabled and will in the future suffer great pain and discomfort and physical impairments, all of which injuries are permanent and she has been and will be kept from attending to her ordinary affairs and duties, and she has lost and will in the future lose great gains which she otherwise would have made and acquired, and has become liable for large sums of money for medical and hospital care and treatment, and has suffered great loss to her personal property and possessions.

COOK COUNTY
ATTY. NO.
80746

SERPICO, NOVELLE &
PETROSINO, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

WHEREFORE, the Plaintiff, ALEXA MAESTRANZI, asks for judgment against the Defendant, MERCK & CO., INC., a foreign corporation, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

        Respectfully submitted,

        SERPICO, PETROSINO & DI PIERO, LTD.

        By: _/s/ Kevin J. O'Shea_
        Kevin J. O'Shea
        Vincent Petrosino
        Attorneys for the Plaintiff

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600