UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXA MAESTRANZI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08cv1833 |
| | ) | |
| MERCK & CO., INC., | ) | JURY TRIAL DEMANDED |
| | ) | ON ALL COUNTS |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF MERCK & CO., INC.

Defendant, Merck & Co., Inc. ("Merck"), by and through its undersigned attorneys, hereby answers the Complaint. Merck denies all allegations set forth in the Complaint except to the extent such allegations are specifically admitted below:

1. That on and prior to April 3, 2006, the Defendant, MERCK & CO., INC., was a foreign corporation and was present and at all times hereto transacting business in the State of Illinois.

ANSWER: Merck denies each and every allegation of Paragraph 1, except that Merck admits that it is a corporation organized and existing under the laws of the State of New Jersey and that it is registered to do business in the State of Illinois.

2. That on and prior to April 3, 2006, the Defendant, MERCK & CO., INC., designed, manufactured and distributed a certain medication commonly known as Fosamax, 70mg Alendronate Sodium Tablets for the treatment of osteporosis.

ANSWER: Merck denies each and every allegation of Paragraph 2, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

3. That in or about 1998, the Plaintiff, ALEXA MAESTRANZI, was prescribed the aforesaid Fosamax medication by her family physician,

>      Dr. Mary Lalor. Dr. Lalor prescribed this medication be taken on a weekly basis.

ANSWER: Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3.

>  4.    That the Plaintiff took this medication on a regular and continual basis through April of 2006, having last filled this prescription on April 3, 2006.

ANSWER: Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4.

>  5.    That at some point in or about April of 2006, the Plaintiff began to experience problems with her teeth, including but not limited to pain and her teeth becoming loose. She thereafter sought treatment for the aforesaid dental condition.

ANSWER: Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5.

>  6.    That after last refilling her prescription for Fosamax on or about April 3, 2006, the Plaintiff was advised and informed for the first time that Fosamax could cause osteonecrosis of the jaw resulting in loose teeth and bone death.

ANSWER: Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6, except that Merck denies that there is any causal connection between FOSAMAX® and osteonecrosis of the jaw.

>  7.    That on or prior to April 3, 2006, and at all relevant times and at the time it left the control of the Defendant, said Fosamax was unsafe and unreasonably dangerous in one or more of the following manner:
>    a. The Fosamax prescription was improperly designed, manufactured, and distributed, so as to make it unfit and unsafe for ordinary use;
>    b. The Fosamax prescription contained no or inadequate warnings and/or instructions so as to ensure its safe and proper use;
>    c. The Fosamax prescription was not equipped with the necessary safety protections to ensure its safe and proper use;
>    d. The Defendants failed to ensure that persons prescribing said medication were adequately and properly warned and advised about

        the possible side effects of using Fosamax for extended periods and its effect on patients' jaws and teeth;

    e.    The Fosamax prescription was improperly designed, manufactured and distributed Fosamax which caused osteonecrosis of the jaw and infection and delayed healing in patients who underwent dental procedures following ingestion of the medication;

    f.    The Fosamax medication was manufactured, designed and distributed without adequate research into the dangers of long term ingestion and its effect on patients, particularly relating to osteonecrosis of the jaw and infection in patients undergoing dental procedures; and

    g.    The Fosamax medication was manufactured, designed and distributed without adequate warnings that long term ingestion of the medication could cause osteonecrosis of the jaw and infections in patients undergoing dental procedures.

ANSWER:  Merck denies each and every allegation of Paragraph 7, including each and every allegation contained in subparts (a) through (g).

    8.    That defects existed form the time medication left the control of the Defendant and was placed in the stream of commerce until the time the Plaintiff last filled her prescription in April of 2006.

ANSWER:  Merck denies each and every allegation of Paragraph 8.

    9.    That, as a result of one or more of the aforementioned defects in the aforesaid Fosamax medication, the Plaintiff sustained severe and permanent injuries to her body, and because and was sick and disabled and will in the future suffer great pain and discomfort and physical impairments, all of which injuries are permanent and she has been and will be kept from attending to her ordinary affairs and duties, and she has lost and will in the future lose great gains which she otherwise would have made and acquired, and has become liable for large sums of money for medical and hospital care and treatment, and has suffered great loss to her personal property and possessions.

ANSWER:  Merck denies each and every allegation of Paragraph 9.

    WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## **COUNT II**

1. That on and prior to April 3, 2006, the Defendant, MERCK & CO., INC., was a foreign corporation and was present and at all times hereto transacting business in the State of Illinois.

ANSWER:  Merck denies each and every allegation of Paragraph 1 of Count II, except that Merck admits that it is a corporation organized and existing under the laws of the State of New Jersey and that it is registered to do business in the State of Illinois.

2. That on and prior to April 3, 2006, the Defendant, MERCK & CO., INC., designed, manufactured and distributed a certain medication commonly known as Fosamax, 70mg Alendronate Sodium Tablets for the treatment of osteoporosis.

ANSWER:  Merck denies each and every allegation of Paragraph 2 of Count II, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

3. That in or about 1998, the Plaintiff, ALEXA MAESTRANZI, was prescribed the aforesaid Fosamax medication by her family physician, Dr. Mary Lalor.  Dr. Lalor prescribed this medication be taken on a weekly basis.

ANSWER:  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 of Count II.

4. That the Plaintiff took this medication on a regular and continual basis through April of 2006, having last filled this prescription on April 3, 2006.

ANSWER:  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 of Count II.

5. That at some point in or about April of 2006, the Plaintiff began to experience problems with her teeth including but not limited to pain and her teeth becoming loose.  She thereafter sought treatment for the aforesaid dental condition.

ANSWER:  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5 of Count II.

    6.    That after last refilling her prescription for Fosamax on or about April 3, 2006, the Plaintiff was advised and informed for the first time that Fosamax could cause osteonecrosis of the jaw resulting in loose teeth and bone death.

ANSWER:  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6 of Count II, except that Merck denies that there is any causal connection between FOSAMAX® and osteonecrosis of the jaw.

    7.    That the Defendant had a duty to design, manufacture, sell and distribute its Fosamax medication in a reasonably safe condition and in a condition that was not unreasonably dangerous for its intended use.

ANSWER:  The allegations in Paragraph 7 of Count II are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

    8.    That notwithstanding its aforesaid duties, the Defendant was then and there guilty of one or more of the following wrongful acts and/or omissions:
        a.    The Defendant carelessly and negligently improperly designed, manufactured, and distributed, so as to make it unfit and unsafe for ordinary use;
        b.    The Defendant carelessly and negligently failed to put adequate warnings and/or instructions so as to ensure its safe and proper use;
        c.    The Defendant carelessly and negligently did not equip the Fosamax medication with the necessary safety protections to ensure its safe and proper use;
        d.    The Defendants carelessly and negligently failed to ensure that persons prescribing said medication were adequately and properly warned and advised about the possible side effects of using Fosamax for extended periods and its effect on patients' jaws and teeth;
        e.    The Defendants carelessly and negligently improperly designed, manufactured and distributed Fosamax which caused osteonecrosis

     of the jaw and infection and delayed healing in patients who underwent dental procedures following ingestion of the medication;

  f. The Defendants carelessly and negligently manufactured, designed and distributed Fosamax without adequate research into the dangers of long term ingestion and its effect on patients, particularly relating to osteonecrosis of the jaw and infection in patients undergoing dental procedures; and

  g. The Defendants carelessly and negligently manufactured, designed and distributed Fosamax without adequate warnings that long term ingestion of the medication could cause osteonecrosis of the jaw and infections in patients undergoing dental procedures.

ANSWER: Merck denies each and every allegation of Paragraph 8 of Count II, including each and every allegation contained in subparts (a) through (g).

  9. That the defects existed from the time said Fosamax medication left control of the Defendants and was placed in the stream of commerce until the Plaintiff last filled her prescription in April of 2006.

ANSWER: Merck denies each and every allegation of Paragraph 9 of Count II.

  10. That, as a result of one or more of the aforementioned defects in the aforesaid Fosamax medication, the Plaintiff sustained severe and permanent injuries to her body, and because and was sick and disabled and will in the future suffer great pain and discomfort and physical impairments, all of which injuries are permanent and she has been and will be kept from attending to her ordinary affairs and duties, and she has lost and will in the future lose great gains which she otherwise would have made and acquired, and has become liable for large sums of money for medical and hospital care and treatment, and has suffered great loss to her personal property and possessions.

ANSWER: Merck denies each and every allegation of Paragraph 10 of Count II.

  WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## **AFFIRMATIVE DEFENSES**

  Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Merck in this matter. Merck, therefore,

asserts said affirmative defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these affirmative defenses as may be appropriate. Further, Merck reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Merck states as follows:

### FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**SEVENTH AFFIRMATIVE DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative fault and/or negligence.

**NINTH AFFIRMATIVE DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**TENTH AFFIRMATIVE DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**ELEVENTH AFFIRMATIVE DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of FOSAMAX®.

**TWELFTH AFFIRMATIVE DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks punitive damages, such claim is barred because FOSAMAX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recovery for strict liability because Plaintiff cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency. Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Illinois Constitutions.

**THIRTIETH AFFIRMATIVE DEFENSE**

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Merck in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available

medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained an ascertainable loss of property or money.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual injury or damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of economic loss.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

### FORTIETH AFFIRMATIVE DEFENSE

Merck is entitled to a set-off or reduction in any damages which may be awarded to the Plaintiff for any amounts received from collateral sources.

### FORTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are not pleaded with the required particularity.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003).

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Illinois Constitution.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Illinois Constitution.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Illinois Constitution.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover exemplary or punitive damages because plaintiff's claim for exemplary or punitive damages, if any, is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover exemplary or punitive damages because plaintiff's claim for exemplary or punitive damages, if any, is in violation of the due

15

process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because plaintiff's claim for exemplary or punitive damages, if any, is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

### FIFTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because plaintiff's claim for exemplary or punitive damages, if any, is in violation of the First Amendment to the United States Constitution and comparable provisions of the Illinois Constitution.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence. Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution.

---

In so much as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## **JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

Dated: April 1, 2008

        Respectfully submitted,

        BRYAN CAVE LLP

        By:   s/ Dmitry Shifrin
        Dmitry Shifrin
        161 North Clark Street, Suite 4300
        Chicago, IL 60601
        Telephone:  (312) 602-5000
        Facsimile:  (312) 602-5050

        *and*

        Stephen G. Strauss, #6278807
        Bryan Cave LLP
        211 North Broadway, Suite 3600
        St. Louis, MO 63102-2750
        Telephone: (314) 259-2000
        Facsimile: (314) 259-2020

        *Attorneys for Merck & Co., Inc.*

Case 1:08-cv-01833    Document 6    Filed 04/01/2008    Page 18 of 19

## **CERTIFICATE**

I hereby certify that on this 1st day of April, 2008, a copy of the foregoing was served by first class mail, postage prepaid, on:

Kevin J. O'Shea
Vincent Petrosino
Serpico, Novelle & Petrosino, Ltd.
61 W. Superior Street
Chicago, IL 60610


\_\_\_\_\_s/ Dmitry Shifrin_____